# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1090V
UNPUBLISHED

|  |  |
|---|---|
| AMY BANDOLIK, | Chief Special Master Corcoran |
| Petitioner, | Filed: November 30, 2021 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Ruling on Entitlement; Concession; Table Injury; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| Respondent. | |

*Jimmy A. Zgheib, Zgheib Sayad, P.C., White Plains, NY, for Petitioner.*

*Julia Marter Collison, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On August 28, 2020, Amy Bandolik filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered left shoulder injury related to vaccine administration (SIRVA), resulting from the adverse effects of an influenza (flu) vaccination received on October 28, 2018. Petition at 1. Petitioner further alleges that she received the vaccination in the United States, her symptoms persisted for more than six months, and neither Petitioner, nor any other party, has ever filed any action for Petitioner's vaccine-related injury. Petition at 1, 4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On November 30, 2021, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent determined that Petitioner "has satisfied the criteria set forth in the Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI") for a Shoulder Injury Related to Vaccine Administration ("SIRVA"): [P]etitioner had no history of pain, inflammation or dysfunction in her right shoulder; her pain and reduced range of motion occurred within 48 hours of receipt of an intramuscular vaccination; her symptoms were limited to the shoulder in which the vaccine was administered; and no other condition or abnormality was identified to explain her symptoms . . . . In addition, given the medical records outlined above, the statutory six-month sequela requirement has been satisfied." *Id.* at 4 (citations omitted).

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master
